IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**　　　　　　　　　　　　　　　　　　**CRIMINAL NO. 1:21-CR-45**
　　　　　　　　　　　　　　　　　　　　　　　　　　**(KLEEH)**
**WILLIAM LEWIS,**

    **Defendant.**

## ORDER DENYING MOTION IN LIMINE [ECF NO. 38]

On July 6, 2022, Defendant William Lewis ("Defendant") filed a motion in limine. Defendant seeks to limit or redact certain portions of the transcript of an audio interview. Defendant asserts in the motion that "[t]he statement contains numerous examples of factual statements and accusations by the interviewers." Defendant argues that the "statements and accusations" are irrelevant and should be excluded under Rule 401 of the Federal Rules of Evidence or, in the alternative, Rule 403.

As the Government writes in its response, a motion in limine must "clearly identify the ruling sought" to avoid revisiting the evidentiary issue at trial. United States v. Williams, 81 F.3d 1321, 1325 (4th Cir. 1996). It is unclear to the Court what "statements and accusations" Defendant seeks to exclude from trial. Defendant did not attach any exhibits to his motion. The Court has no context for the relief Defendant seeks. Due to the

**ORDER DENYING MOTION IN LIMINE [ECF NO. 38]**

vagueness of Defendant's motion, it is **DENIED** [ECF No. 38].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: August 16, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA